IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PAUL KEVIN CURTIS                                                                          PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:16-CV-00290-NBB-JMV

UNITED STATES OF AMERICA,
JOHN DOES 1-15                                                                           DEFENDANTS

MEMORANDUM OPINION

Presently before the court is a motion to dismiss for lack of jurisdiction and failure to state a claim filed by Defendant United States of America. Upon due consideration of the motion, response, complaint, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Paul Kevin Curtis, was arrested on April 17, 2013, for allegedly mailing letters containing Ricin, a poisonous and lethal substance, to former President Obama, United States Senator Roger Wicker, and a local justice court judge. Six days later, on April 23, 2013, the government dismissed the charges against Curtis when it was discovered that he had been "framed" for the crimes by James Everette Dutschke.

Curtis has initiated litigation against the United States for its alleged wrongful conduct with respect to the underlying arrest and prosecution on two prior occasions. The court dismissed the first action without prejudice for incomplete service of process. The court dismissed the second case without prejudice for failure to prosecute.

Curtis filed the instant suit on December 13, 2016, and asserts claims under 42 U.S.C. 1983 and *Bivens*[1] for alleged constitutional violations, and under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b), for malicious prosecution, unlawful arrest, and false

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

imprisonment. The United States has now moved to dismiss for lack of jurisdiction with respect to Curtis's FTCA claims, and for failure to state a claim upon which relief can be granted as to his constitutional claims.

## Standard of Review

*Rule 12(b)(1) Standard*

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the court to hear a case." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id.* "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* The court may properly dismiss a claim for lack of subject matter jurisdiction if it determines that it lacks either the statutory or constitutional authority to adjudicate the claim. *Home Builders Ass'n, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

*Rule 12(b)(6) Standard*

A complaint must contain a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss for failure to state a claim tests both the legal and factual sufficiency of a plaintiff's complaint. *Id.* at 679. Though motions to dismiss are "viewed with disfavor and [are] rarely granted," the burden rests on the plaintiff to prove that her claim should go forward. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000).

Analysis

In moving to dismiss, the United States argues that it has sovereign immunity as to Curtis's tort claims. The United States further contends that Curtis has failed to state viable constitutional claims under either §1983 or *Bivens*.

*Curtis's FTCA Claims*

In enacting the FTCA, Congress waived the United States' sovereign immunity for tort actions. 28 U.S.C. 1346(b). The FTCA, however, "contains certain exceptions wherein the waiver of sovereign immunity is inapplicable." *White v. Franklin*, 637 F. Supp. 601, 613 (N.D. Miss. 1986) (citing 28 U.S.C. §2680 (a)-(h)). The United States argues that two of these exceptions apply in the instant case.

The United States first contends that the "discretionary function" exception found in 28 U.S.C. § 2680(a) precludes Curtis's claims. The exception "preserves the government's sovereign immunity when the plaintiff's claim is based on an act by a government employee that falls within that employee's discretionary authority." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016). The Fifth Circuit has held that the exception "exempts the government from liability for exercising discretion inherent in the prosecutorial function . . . no matter whether these decisions are made during the investigation or prosecution of offenses." *Smith v. United States*, 375 F.2d 243, 248 (5th Cir. 1967). Thus, "law enforcement decisions . . . on when, where, and how to investigate, and whether to prosecute, fall within the ambit of the discretionary function exception." *Sutton v. United States*, 819 F.2d 1289, 1293 (5th Cir. 1987). Further, the Fifth Circuit has held that that the specific torts at issue—malicious prosecution, unlawful arrest, and false imprisonment—are protected by the discretionary function exception. *Vander Zee v. Reno*, 100 F.3d 952 (5th Cir. 1996).

The United States additionally contends that Curtis's tort claims are precluded by another FTCA exception. Under 28 U.S.C. § 2680(h), Congress has exempted the government from liability for "any claim arising out of . . . false imprisonment, false arrest, [or] malicious prosecution . . . ." The United States points out that each of the torts asserted in Curtis's complaint is specifically enumerated in the above-quoted statutory provision.

Curtis has the burden of establishing that the discretionary function does not apply. *Tsolmon*, 841 F.3d at 382. Moreover, Curtis bears the constant "burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Despite this burden, and in his response to this motion, Curtis has entirely failed to respond to the United States' argument regarding sovereign immunity. Instead, Curtis merely states that he filed his complaint within six months of receiving his right-to-sue letter. This assertion, although correct, is inconsequential as the timeliness of Curtis's FTCA claims is not in dispute.

For these reasons, the court finds that the United States has not waived its sovereign immunity with respect to the torts asserted by Curtis. Accordingly, the court finds that it is without jurisdiction to consider those claims.

*Curtis's Constitutional Claims*

Curtis alleges constitutional violations under both 42 U.S.C. §1983 and *Bivens*. Claims under §1983 are not cognizable against federal officials acting pursuant to federal law. *Wheedlin v. Wheeler*, 373 U.S. 647, 652 (1963). Presently, Curtis asserts a claim against the federal government for federal employees' alleged actions taken pursuant to federal law. The court, therefore, finds that Curtis has failed to state a valid §1983 claim.

In *Bivens*, the Supreme Court recognized for the first time that a person may sue a federal agent for monetary damages when the federal agent is alleged to have violated that person's

4

constitutional rights. *Bivens*, 403 U.S. 388 (1971). Thus, a *Bivens* action has been characterized by courts as a "federal analog to suits brought against state officials under Section 1983." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). Further, a *Bivens* action may only be maintained against an individual, not a federal agency. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001). This is so because the primary purpose of *Bivens* is "to deter individual officers, not the agency, from committing constitutional violations." *Id.* at 62.

At present, Curtis has named no individual defendants as parties to the suit. Yet, Curtis clearly knows the identity of the individuals he allegedly was aggrieved by as he mentions them by name in his complaint. Accordingly, the court finds that Curtis's complaint, as presented, fails to state a viable claim under *Bivens*.

Assuming *arguendo* that Curtis had named a proper defendant under either §1983 or *Bivens*, the United States contends that his claims are precluded by the applicable statute of limitations. Because there is no specified federal statute of limitations for §1983 or *Bivens* suits, federal courts borrow the forum state's general personal injury limitations period. *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010); *Burrell v. Newsome*, 883 F.2d 416 (5th Cir. 1989). In Mississippi, that period is three years. Miss. Code Ann. § 15-1-49; *Edmonds v. Oktibbeha Cty., Miss.*, 675 F.3d 911, 916 (5th Cir. 2012).

In his complaint, Curtis asserts "[t]hese actions arose approximately three and one-half years ago . . . ." More specifically, Curtis was arrested on April 17, 2013, and was released six days later, on April 23, 2013. The instant suit was not filed until December 13, 2016, more than seven months after the three-year limitations period had run. In response, Curtis contends, without any citation to authority, that his two "prior lawsuits . . . operated to toll the applicable statutes of limitations."

Curtis's prior two actions were both dismissed without prejudice—the first for incomplete service of process, and the second for failure to prosecute. The Fifth Circuit has consistently held that, "[w]hile the filing of an action normally tolls the statute of limitations, its dismissal without prejudice leaves the plaintiff in the same position as if the action had never been filed." *Williams v. Cook*, 264 F.3d 1142, *1 (5th Cir. 2001) (upholding the district court's dismissal on timeliness grounds after concluding that the plaintiff's prior dismissal without prejudice did not toll the limitations period); *see also Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (holding that the plaintiff's initial complaint, which was later dismissed without prejudice, did not toll the statute of limitations). For these reasons, the court finds that Curtis' constitutional claims would be time-barred.

## Conclusion

Based on the foregoing discussion, the court finds that the defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim is well-taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 29th day of August, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**